■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL A. HAYNES, Appellant. [7 NYS3d 564]—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Dutchess County (Greller, J.), imposed December 18, 2012, on his conviction of criminal contempt in the first degree (two counts), upon his plea of guilty, the sentence being consecutive intermediate prison terms of 1 to 3 years.

Ordered that the sentence is affirmed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Balkin and Roman, JJ., concur.

Hinds-Radix, J., dissents, and votes to reduce the sentence from two consecutive indeterminate terms of imprisonment of 1 to 3 years, to two concurrent indeterminate terms of imprisonment of one to three years, with the following memorandum: The instant offenses arose out of the defendant's relationship with his long-time girlfriend. Owing to an instance of domestic violence, on February 10, 2012, the Town of Cortlandt Justice Court issued an order of protection directing the de-

fendant to stay away from his girlfriend. The instant offenses of criminal contempt in the first degree occurred when the defendant met his girlfriend at her request, and stayed at a hotel in Fishkill. A hotel waitress reported the defendant to the police, apparently claiming she saw him with a pocket knife. When the police arrived, they ascertained that the defendant was violating an order of protection. He was not charged with weapons possession, and the record does not indicate if any weapon was recovered from the defendant. Thereafter, it was ascertained that the defendant and his girlfriend stayed at the same hotel several weeks earlier. The defendant was charged with two counts of criminal contempt in the first degree.

On the morning of October 15, 2012, the defendant pleaded guilty to those charges. He was promised a sentence of six months incarceration, and five years probation, with the condition that he complete a domestic abuse awareness program. During his plea allocution, the defendant advised the court that he had already been incarcerated for 5½ months. The defendant, who was a veteran of the Iraq and Afghan wars with no prior felony record, further advised the court that he was currently incarcerated in the Albany County mental health unit, where he was undergoing treatment for post-traumatic stress disorder.

That afternoon, the defendant made two telephone calls to his girlfriend from the Dutchess County Jail, at 2:50 p.m. and 3:15 p.m., explaining to her why he pleaded guilty. Based upon those telephone calls, the defendant was arrested for two counts of criminal contempt in the second degree. The Dutchess County Office of Probation and Community Corrections provided a presentence report. After taking into consideration the new arrest, the Dutchess County Office of Probation and Community Corrections, in the presentence report, recommended a sentence of five years probation and no incarceration.

At sentencing, the defendant's girlfriend spoke on his behalf. She acknowledged that she was in the courtroom when the defendant pleaded guilty on October 15, 2012, and that later that day, accepted two telephone calls from the defendant from jail. She stated that the defendant never harmed her and she had "been trying to get this order of protection modified for the longest time."

The sentencing court thereafter imposed sentences of consecutive, indeterminate terms of imprisonment of 1 to 3 years for the two felony counts. In so doing, the sentencing court stated that it regretted "this entire proceeding," but the sentence

imposed was necessary to impress upon the defendant that court orders must be obeyed.

In my view, incarceration in State prison for concurrent indeterminate terms of imprisonment of 1 to 3 years would be sufficient to impress that point upon the defendant, and to ensure that he receives the counseling which he needs. Under the circumstances, the imposition of consecutive terms of imprisonment appears to be an extremely harsh response to the defendant's conduct. In any event, the imposition of consecutive terms of imprisonment was unnecessary and an improvident exercise of discretion.